Good morning to your honors and may it please the court. I've asked for 10 minutes and I'd like to keep three of those for rebuttal if possible. Just keep your eye on the clock. Thank you. Thank you, your honor. So I'll dive right into what I think is the most important question here, which is why this case is not Huff Hines. Because I think analyzing that distinction throws light on all of the issues that are at stake here. First, I think it's important to note that Huff Hines is what I would call a zero federal involvement case. So very briefly, the facts in Huff Hines, you have the Beverly Hills Police Department searches the defendant's residence. They get a bunch of property, one item of which is a gun. And they hand over the gun, and only the gun, to the federal authorities. And then he's prosecuted in federal court for being a felon in possession. He's convicted, and then he moves under Rule 41 for the return of all of his property. Not the gun, all of the other property. And Huff Hines essentially says, well, you, the federal government, has no connection whatsoever to this property. And therefore, it's inequitable to haul you into court and to apply Rule 41. Now, our case, very, very different from that. There is substantial federal involvement. Right from the beginning, when defense counsel approaches the AUSA, the AUSA begins negotiating the return of the property. He assumes a position of authority with respect to the property. He investigates its origins. He has agents sent to interrogate the defendant's family members. What are you characterizing as investigating the return of the property? What are you including in that? Well, he's investigating the provenance of the watch. And he is asking questions to defense counsel about where the watch came from, what evidence do you have to support the proposition that it was given to the defendant by his grandfather. He sends the two federal agents to speak with the mother and the sister to ask them the same sorts of questions. But none of that results in the federal government taking possession of this watch, right? None of it results in the federal government taking actual possession of the watch. And Let's be clear about that, right? Because I read the legal rule that applies here to be concerned about government control or possession. And I'm struggling as I read the facts here to find federal government control or possession, right? This is in the physical possession of the state. The state is the one that seized it, pursuant to a state warrant. Where is federal government control or possession? Well, there are two kinds of possession. I hope we can agree on that. There is actual Sure. And the law doesn't really distinguish between the two of them. And constructive possession is access to and control over the disposition of the watch. But don't we have a case that distinguishes when the federal authorities and the state authorities, well, when the state authorities are working with the federal authorities versus when the state authorities are working for the federal authorities? Well we have, I don't know which case specifically you're referring to, but we do have cases I think this is the Marshall case. We do have a case like Marshall. But Marshall stands exactly for the same proposition as Huffines, which is that the federal government did not have possession or control. And one of the theories for that was because the state officials who had actual possession weren't working for the federal authorities. They were just cooperating, working together. That's right. And that speaks to the absence of any federal involvement in control over the property. And that was absolutely true in Marshall, and it's absolutely true in Huffines. But here you have much more than that. You have the state law enforcement officers saying we're deferring the decision on the disposition of this property to you, the federal government. We're giving you the authority to decide what we're going to do with this. But wait, where do they say that? I think that's not how I read the record. There's a report of the state investigator who says we understand that the federal prosecutors are going to seek a court order to sell this watch basically and apply the money. That's quite different than what you just paraphrased. But that's not all he says. He says I don't want to get in the middle of this. The AUSA is dealing with it. And he says something to the effect of it'll stay with us until he decides what to do with it. Well, isn't that consistent? I know what part of the record you're talking about. It seems it's consistent with the AUSA seeking or planning to file a motion. I don't know if that was ever filed, by the way. Did the federal government ever file a motion? To liquidate the property? Right. Not that I'm aware of. I do think it's quite different. At the point at which the state authorities are saying we're going to let you handle this, the AUSA is handling it. Now, whether he's – there is a spectrum, right? It's certainly true that if the AUSA begins by saying, well, we're going to sort of explore the possibility of maybe doing something with this property or we want to somehow facilitate the – or liaison – be a liaison between the state and the defendant and so on. But the point at which the federal government has the ability to access and dispose of the property – and I don't think there can be any reasonable dispute that if the federal prosecutor under these circumstances had gone to the state law enforcement and said, actually, we're going to give the property back to the defendant, they would have done it because they had agreed that they would let the federal prosecutor do it. So he had the power. We don't have that in the record, counsel. We don't have that in the record. We don't know what would have happened. It's not great. I think the best fact for you is that AUSA's statement, I would give it back to you if – I mean, there's an implied statement that the federal government had the ability to give it back. Yes, certainly. And wouldn't because he thought that your client was guilty, basically. Yes, that's right. Isn't that your best fact? Well, I think that's a great fact. But I do think it's very much – Why is it enough? Why is it enough? Well, because it's an assertion of authority over the property to the extent that it becomes equitable to allow for a Rule 41 motion. And that is another point I wanted to get to. The question of jurisdiction, it's equitable jurisdiction. And so the question we ask is, is it fair and reasonable to hold the federal government to account for this property? And many cases have said no because they've had absolutely nothing to do with the property. Can I ask a practical question right here, which is why didn't you just ask the state? Like, what's the big deal about just going and asking the state for this watch instead of all of us being here? Well, I do have an answer to that question, but it is outside the record. We don't know – I'd like to hear the answer anyways. Certainly. So, well, I was the CJA counsel appointed to Mr. Gasparian's direct appeal. And as a courtesy to Mr. Gasparian, as part of that, I went to the federal district court to try to secure the return of his property. Now, I don't practice in state court, and I couldn't really go and do it there for him. And I did think under the circumstances it was proper to get it in federal court. I don't know what would have happened in state court. I don't know how well oiled the machinery is for the return of property there. And I do want to bring that to the court's attention because it's interesting. One of the cases that we both cite is Ramston. And in Ramston, the federal government said, well, he has an avenue to get his property back in the United Kingdom. And Ramston, the Ninth Circuit, said, well, we don't really know how effective that remedy is. We can look at those statutes and we can say, yes, he might be able to get it back there and so on and so forth. But ultimately, we don't know. So we're not going to treat that as a bar to his recovery in federal court. Now, obviously, California and federal court are much closer sovereigns than federal court and the United Kingdom. But I think the same principle applies. The federal district court doesn't know exactly how things are going to play out in state court. And that should not then be a bar to seeking recovery. But aren't you essentially asking for an order that directs the U.S. attorneys to go get the watch and return it? No. I'm asking for an order that the United States attorney make all reasonable efforts to return the watch to my client. And if it should happen that they take that order to the state and the state says no, well, then we cross that bridge when we get to it. But under these circumstances, there's no way that's going to happen. You know what troubles me, counsel? Of course, you rely on constructive possession. But if you look at the tests adopted by the other circuits on that issue, I don't see how your client would be able to show the federal government constructively possesses the Rolex in this case. Why is that wrong? Well, I think, Your Honor, that it's wrong for two reasons. One, because the federal government asserted, I think, unequivocally, or at least I think this is what your colleague was getting at, the federal government asserted that they had the power to return it. And we don't have any reason to dispute that, and I don't think they can back off from that statement. On top of that, as I said earlier, the state law enforcement officer indicated that they were going to let the AUSA make a decision about it and that the AUSA was planning to liquidate it to satisfy the defendant's restitution obligation. I think if you add all that together, it becomes impossible to believe that the federal government did not have access to and control over the property. But basically, again, back to my point, it seems to me that under current law you really don't have anything that we can rely upon to get the result you're looking for, do we? Aren't you asking that to, in effect, adopt new law? No, absolutely not, Your Honor. I think the principle of constructive possession is exactly what confers equitable jurisdiction on the court to grant this motion. The principle of constructive possession is well established. It's been vetted in the courts. It's very clear what it is, and I think we have it here, or at minimum we have the ability to analyze whether we have it. And you think we have case law that adopts that theory? We don't have case law that adopts the theory that constructive possession creates equitable jurisdiction for a Rule 41 motion. That's what Judge Smith's question is. In that sense, I'm asking for something new, I would agree, but not for a new rule in terms of what constitutes constructive possession. Got it. I have one last quick question. Do you have any authority that establishes constructive possession exists when the person in actual possession could say, no, I'm not giving it to you? Because you just acknowledged that the state could do that. The state might say, you're not getting this watch back, we have our own reasons for having it or we want to use it for something else or whatever. So if that's a possibility that exists, do you have authority to say that that is an example of constructive possession? Off the top of my head, I don't have authority for that proposition, but I would urge the Court that we don't have to make that inquiry because the statements of state law enforcement make it very clear that both entities have access to this property. So if that factual scenario were to come up, I would be happy to research it, or happy to research it in any case to find such case law, but I just don't think we have to answer that question in this case. You're over your time. So I'm going to ask you to take a seat and we'll hear from opposing counsel. When you come back, we'll put a minute on the clock. You bet. Thank you. Good morning, Your Honors. Amy Pomerantz on behalf of the United States. The district court in this case did not abuse its discretion in declining to exercise its equitable jurisdiction. Rule 41G is a limited equitable remedy against the federal sovereign, and it only reaches property, as we've discussed here today, that the federal government either possessed or controlled, or that in its most furthest reaches a state agent seized when they were acting under direct federal authorization. So what do we have here? Well, there's no actual possession. Nobody disputes that. The federal government does not have the Rolex, never had the Rolex. Actual possession is up. We also don't have the kind of agency theory that was at issue in Huff Hines and Marshall for the same reasons that Judge Forrest correctly pointed out in Marshall. So defendant hangs his hat here on this theory of constructive possession, which, as the court has already noted, has never been recognized as a theory for purposes of 41G by this court. Now, there's some language suggesting that maybe there could be some situations where the federal government effectively controls, but what defendant is asking for is broader than that, and the record in this case does not establish constructive possession under any standard. Why not? Why not? I've indicated not very subtly that the strongest argument, fact, I think for them, is a statement from the AUSA strongly implying that the AUSA did have the authority to effectuate the return and wasn't going to do so for the reasons that I paraphrased earlier. I disagree with that characterization, Your Honor. First, I would just remind the court that the question in this appeal, this is an abuse of discretion standard, so what we're looking at is what the district court clearly aired. And if you're talking about the – there's an October 2024 email where the AUSA says that he would – that watch should be sold for restitution. Is that the email that Your Honor is referring to? So that is a statement of intention, and wanting to reach an asset for restitution is not the same thing as having legal control over it. You heard me voice that in response to opposing counsel, but he couples this with his efforts to talk to the state investigator, and the state investigator says, we're staying out of it, implying that they're waiting for the U.S. Attorney's Office, which is why I asked the question, is the U.S. Attorney's Office doing anything? Have they filed a motion? But if you put those facts together, I don't know why they're – that I can square that with your statement that there is no evidence of constructive control. Yes, Your Honor. Well, a couple – I have two points in response. Those – what you're talking about there are the April – the April – or they're following a conversation. The order that's on appeal – the first point is there's a timing problem with those, because the order that's on appeal is the March 13, 2025, order denying defendants Rule 41G motion. And so just as a practical matter, a conversation that was had a month later cannot be the basis for finding that the district court abused its discretion by failing to consider statements that hadn't even been made at the time. But in any event – I'm responding to a different point, which is your point that there's no evidence in the record to indicate that the federal government had constructive control. Right. Those statements don't move the needle on constructive possession, and here is why. What the Highway Patrol officer said is he communicated with the AUSA, we are working on an order – we are dealing with it and working on an order to get a restitution proceedings going. That means – that supports the government's view, that the government does not have the property. And then he says, therefore, the watch will remain in evidence pending the order being completed. And so what I take from this, Your Honor, is that this shows that as of April 2025, again, after the district court made its order that's on appeal, the Highway Patrol officer was aware that there was a fight over the Rolex being played out in a federal forum. He knows the defendant wants his Rolex back, and now the feds are interested because, yes, we want the watch. Yes, we want to sell the watch. Yes, we have a federal interest in compensating the victims of defendants' agreed-to-strike. So why hasn't the federal government filed a motion? I'm just trying to figure out – We have not begun the writ proceedings, Your Honor, out of respect for this legal process. You know, defendant appealed the 41G denial order, and so the government made a calculation that while this appeal was pending, we would not go forward to try to seek the watch. That's why. What is his remedy in state court, please? There's a – I believe the California State Court has a procedure. It's 1536, I want to say, where the defendant can seek the same remedy and try to get the return from state court or try to get the watch back with the state court's orders. But, again, the question before this panel is not what should happen with the watch, who should get the watch. The question is, does the district court abuse its discretion and decline to exercise equitable jurisdiction? I would submit on this record it did not. Judge Smith, anything? Counsel, in your brief, you indicate that the actual possession by federal officials of property seized by state officials would support federal jurisdiction under 41G. Why should constructive possession be any different? Constructive possession is different, Your Honor, for the reason that what Rule 41G is, it's a motion to return property. It presupposes that the government has, if not possession, then legal control over it. And so the government cannot be forced to return something it doesn't have. And so if constructive possession is read to mean legal control, then I think we could agree that there may be a valid construction possession theory in the same way that the Seventh Circuit and the Tenth Circuit have sort of tenuously endorsed that idea there. But even in that context, as Your Honor pointed out, for Rule 41G purposes, no one has imported the sort of criminal liability standard of constructive possession that's used in Terry. They're talking actually, the cabinet actually more narrowly to situations where we're talking about state constructive possession over evidence that is held by the state but is going to be used as evidence in a federal prosecution. And I think, although there hasn't been any case law really exploring this, I think the reason is in those situations what's happening is the state is essentially acting as a custodian for federal evidence. And so in those circumstances, we might be able to say that, yes, the federal government could be legally compelled to get that evidence if it was ordered to do so. But in an ordinary, in the kind of situation that we have here, the federal government doesn't have the ability to order the state to do anything. And that is why constructive possession for 41G has to require more than conversation. I want to make sure I understand the distinction that you're trying to draw, which seems logical to me. Does the federal government have more authority when something is going to be treated as evidence as opposed to not evidence? I mean, it seems like you could have the state in a custodial role, even in a non-evidentiary situation like this one. And again, that's an interesting question. It hasn't been fleshed out in case law. I would imagine that because we would be able to, I don't know, subpoena the evidence somehow or get that evidence, then maybe there's an argument that we would have more legal control if it was evidence that was expressly being held for purposes in a federal prosecution. And certainly that's not what we have here. I mean, the point here is that constructive possession is more than conversations. It is more than coordination. What constructive possession has to require for 41G is the legal power to direct a state custodian. But that's why I asked the question of both of you. Isn't this opposing counsel's best bit of evidence that the record can be read that the U.S. attorney, the AUSA, implied that the AUSA could return the watch but wasn't going to do so for the reasons that I mentioned? I don't think he implied that. I think he said, I would be happy to return the family photos to you. I would be less happy to return the watch to you because we want to— That's not what he said, that he implied that he wasn't going to return it back because your client's a crook or a thief or something, a drug dealer. So the implication was that he could but wasn't going to do it. Right, and I understand that when you read the record, that may be how it sounded based on the language that the AUSA chose, but there was not the legal power to compel it from the state. So the statement, you think it was a hollow statement, a statement made without authority? Essentially. All right. Can I explore a little bit of practicality again? In this case, if the federal authorities had just called up the state police and said, we want to use this watch as restitution in our case, and please, we're sending somebody over to pick it up tomorrow, could you do that? Maybe. We'd like to think that there's good federal-state agency relationships, but the point is that Rule 41G cannot depend on the particular relationship between the agents that are involved. Again, I'm focused on practicality for a second. You could do that. You could just make an informal request and say we're sending somebody over, and if you did, I think your answer was you could do that and maybe the state would comply with it. So from your perspective, the state has the ability to comply with an informal request like that? Your Honor, I'm not familiar with what the state's rules would be. If the state said so, then your other option that you've talked about is you file a motion, so a more formal proceeding, and then you serve some sort of order from the federal court on the state authorities that says we need the watch for restitution proceedings. Could the state say no? Again, I don't know the state's obligations at that point. I would sort of imagine if there is a writ of attachment, a writ of garishment that meets the standard, that they would comply with that as an order if there's a legal court order. It also suggests, I mean, now that I think about that, if getting the watch back requires getting an order from the federal court, I'm not sure how that shows that the U.S. Attorney's Office has constructive possession over this thing. We don't. Because it takes a court order to get it. That's exactly right, Your Honor. Unless there's anything further, thank you. Nothing further. Thank you for your patience with our questions. I'm right on that. Please, for your rebuttal. Can I have a couple moments, though? What? Can I have a moment to rebut? Yes. Yes. I invited you to the podium to do exactly that. Yes, indeed. So to address what Your Honor was saying earlier about needing a court order to get the property back from the state, I mean, I don't think that's true at all. Certainly you might need a court order to liquidate the property for restitution purposes. You definitely need some kind of order to do that. They don't have the power to do that at will. But do you know if they just made an informal phone call and said we're coming over to pick up the watch, do you know if the state police could just be like, here you go? I don't know what the state police would do, but I know that this occurs all the time. What occurs all the time? The transfer of evidence or property from the state to the federal government. Is there a mechanism that that transfer happens by that is what I'm asking about? I don't know exactly what that mechanism is. Because if it's a formal mechanism, it really undercuts the idea of constructive possession. I disagree. Whether it's a formal mechanism or not, I don't know. But I think the reality is here that you have the state having said you can come and get it. You can dispose of it. You can give it back if you want to. I think that's the implication from the words of the state police officers. I don't think there's any real practical question about whether the AUSA could get this property back to the defendant. I just don't think that's a real practical issue in this case. I want to address one other matter, which is the subject of equitable jurisdiction or jurisdiction and the abuse of discretion. My colleague said that the district court, we're asking the question of whether the district court abused its discretion. And the answer is very clearly yes, in part because the district court did not understand what the equities analysis was. The district court engaged in a long discussion about whether or not it was appropriate to exercise equitable jurisdiction to return the property to somebody who had, A, committed a substantial fraud, and, B, had declined to represent the Rolex as one of his assets when it came to filling out his probation report. The court did not properly analyze the question of whether there is sufficient basis on which to bring the federal government into court for the purposes of a Rule 41 motion. So it didn't understand the equitable analysis, and therefore it abused its discretion. When did you first raise this argument? In the district court, Your Honor. When in the district court? At the hearing on the motion. I thought you didn't raise it until the reply. Is that right? On the question of whether or not the court had abused its discretion? On the basis for the equitable jurisdiction. I think it was a response to the government stating that the availability of another remedy was a bar. And then you came back and said, had this conversation about the standard that you're just explaining now. You may be right about that, Your Honor. I think that's the way the record reads. Anything further, Judge Smith? No, thank you. Judge Forrest, thank you both for your arguments. We'll take that case under advisement. And now we will hear the next case on the calendar, United States v. Guantero, 23-1350, just for planning purposes. We'll hear this argument, and then we're going to take a short recess before we hear the last three.
judges: SMITH, CHRISTEN, FORREST